IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
OCT 20 2020
Clerk, U.S. District Court
By: _____ Deputy Clerk

| | |
|---|---|
| Quinn Ngiendo<br>  Pro se Plaintiff<br>       v.<br>Amneal Pharmaceuticals, LLC.<br>  Defendant et, al unknown | ) <br>) DIVERSITY DRUG ~~PHARMACEUTICAL~~<br>) KANSAS PRODUCT LIABILITY ACT<br>)<br>) 5:20-cv-04065-KHV-ADM |

## PLELIMINARY INTRODUCTION: -

1. Plaintiff is a patient and drug consumer for the purpose of strict liability and negligence theory under the Kansas Product liability Act.

2. Defendant Amneal and others unknown are a drug manufacturing pharmaceutical companies whom produced a particular drug ranitidine 150 mg, that plaintiff consumed and ingested over a period of six years.

3. Plaintiff was diagnosed in 2013 with a common Gastrointestinal disorder known as stomach ulcers by Lawrence Memorial Hospital (herein after "LMH") Gastroenterologist Specialist addresses 325 Maine St, Lawrence, KS 66044 on a referral by primary care from Heartland Community Health Center, addresses, 346 Maine St. Suite 150, Lawrence, KS 66044.

4. Plaintiff has endured a difficult complication of this disorder, with various diagnoses such as "GERD" "Duodenal ulcers", "acid reflux" and/or "stomach ulcers" for several years, whose origination diagnosis came from a Hennepin County Medical Trauma Center Hospital (HCMC), upon an emergency room (ER) visit and evaluation back around 2011.

5. From the HCMC emergency room encounter, she has been treated for this condition long term up until a proper referral to a Gastroenterologist Specialist at LMH whom upon performing thorough investigation, exams and procedures, re-diagnosed her with a re-occurring acid reflux and puts her on drug ranitidine.

## JURISDICTION STATEMENT

6. Plaintiff resides in the State of Kansas as of time of this action addresses 4301 West 24th Place, Unit 1014A, Lawrence, KS 66047.

7. Defendant Amneal Pharmaceuticals, LLC, (herein after "Amneal") Corporate offices addresses is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 0880.

8. Amneal is a Corporation founded under the laws of the State of Delaware

9. Corporation Trust Company, is Defendant Amneal's Agent for process of service, addresses 1209 Orange St., Wilmington, New Castle, DE 19801. Tel. 302-658-7581.

10. This Court has Jurisdiction in that both Plaintiff and defendant have established total diversity this action and the amount in controversy is over $75,000. U.S.C. § 1332.

11. <u>History:</u> In 2013, Amneal et al, refilled Plaintiff's drug ranitidine also known as Zantac from a prescription originating from LMH Gastroenterologist specialists to treat her condition of gastrointestinal disorder of stomach ulcers up until 2019

12. In November 19, 2019, Plaintiff received a phone call from Primary Care provider that does follow-up treatments, to cease taking drug Ranitidine 150 milligram

13. Plaintiff was issued with an Rx Numbers 7629524 and 784546 that properly matched her prescription ranitidine 150 mg with defendant Amneal under an NDC 53746 and NDC 65162025350 respectively of the recall list

**2 of 7**

14. Defendant is the one who notified providers including Plaintiff's primary care and recalled its Ranitidine drug stating it causes cancer
15. Plaintiff confused, does not understand the recall until nationwide litigation involving drug causing deadly several types of cancer is all over media and a class civil action

DRUG RANITIDINE/ZANTAC BACKGROUND & CANCER CAUSING NDMA

16. N-nitrosodimethylamine, abbreviated "NMDA", is a semi-volatile organic chemical that can form naturally or unintentionally through industrial processes.
17. NDMA can be a natural chemical process that can be found in normal food and even drinking water humans consume.
18. At high enough levels, NDMA can be dangerous. Experts say NDMA causes cancer in animals, one of the main reasons it's classified as "probably carcinogenic" to humans.
19. Plaintiff's type of prescription ranitidine 150 Milligram (mg), was found to have 500 times greater NDMA than what the Federal Drug Administration considers acceptable.
20. Defendant Amneal made this drug with a by-end product of very high abnormal levels of NDMA prompting the Federal Drug Administration recall of drug ranitidine 150 mg
21. Consumers who ingested this ranitidine in a nationwide litigation, were diagnosed with several types of cancer including the highly toxic liver cancer prompting recall
22. These cancers included Colon; liver; stomach; kidney; bladder; pancreas; breast; testicular, esophageal and others outweighing the benefit of the drug ranitidine 150 mg

## PLAINTIFF'S INJURIES AND PROXIMATE CAUSE

23. Come now plaintiff dreads a dangerous drug that caused over ten different types of cancers and deaths. Defendant has and will continue causing more deaths from cancers

24. Plaintiff has no diagnoses of these types of cancers yet but suffers complex personal injury arising from the ingestion in both emotional distress and physical ailments

25. Plaintiff is compulsively obsessed and goes through certain rituals to attempt to flash out any ranitidine still left in her system and is highly cancer phobic from the ingestion

26. These rituals are not backed by any science but a desperation so that she did not catch cancers and eventually die from it from ingesting ranitidine 150 mg for six years

27. Plaintiff suffers advanced insomnia, difficulty concentrating, depression, paranoia, excessive worry in anxiety neurosis, post-traumatic stress disorder post-ingestion

28. Plaintiff suffers night sweats, nausea, vomiting, rapid heart rates, fatigue, stress induced headaches, loss of appetite, irregular heartbeats, lethargy and body aches

29. Defendant Amneal owed Plaintiff a duty of care to have provided adequate warning about the dangers of using its drug even for post-sale use discharged by provider

30. An ethical drug maker who markets prescription product, has duty to warn medical professionals of dangerous side effects it knows, has reason to know, and should know

31. That such adequate warning post-sale, could have been adversely passed on to plaintiff by provider as to learned intermediary so as to make appropriate choices

32. That defendant was engaged in business of manufacturing the ranitidine drug product that left its hands and/or operation in a deadly dangerous condition to consumer

33. That defendant was expected to deliver its drug ranitidine product to consumer exercising extreme due caution not to cause harm of all kinds as to dangers inherent
34. That defendant at all times, owed plaintiff duty to provide enough warning about dangers inherent using its product so as to be exposed to personal injuries of all kind
35. Defendant Amneal had duty to provide adequate instruction for safe use of the product
36. Defendant's dangerous drug causes cancer to over ten different major bodily organs, exposing plaintiff into extreme mental suffering and a manifest of physical symptoms
37. Defendant also negligently by breach of express or implied warranted, failed to discharge duty of care to have properly fully warned and instructed dangers in its drug
38. That defendant intentionally and/or negligently misrepresented and/or fraudulently concealed dangers posed by its drug that it had dangerous levels cancer-causing agent
39. Plaintiff repeats, defendant negligently breached a duty to have exercised reasonable care so that its drug ranitidine was not the proximate cause plaintiff's personal injury
40. Plaintiff repeats, manufacturer breached that duty failing to use reasonable care so that drug was rendered defective in formula, preparation, assembly, testing or packaging
41. Defendant breached that duty to exercise reasonable care so that drug is rendered defective in its by-end product as to extreme levels of NDMA carcinogen cancer agent
42. Defendant drug manufacturer at all times of making ranitidine, knew drug chemical compound NDMA as a carcinogen poisonous cancer forming agent in humans
43. That defendant should have exercised reasonable care to have done thorough testing and research prior producing its dangerous drug product ranitidine causing injuries

44. That defendant had it exercised reasonable degree of care to have thoroughly tested and/or performed quality assessment on its drug including its by-end product, Plaintiff could have not suffered personal injury

45. Such wanton and reckless defendant was proximate cause of Plaintiff's injury and Plaintiff suffered injury in person

46. Plaintiff repeats, a fraudulent, intentional, wanton, negligent, reckless and careless defendant to prepare, design, formulate and/or compound a dangerous drug ranitidine

47. Plaintiff repeats, a fraudulent, intentional, wanton, negligent, reckless and careless defendant to cause to be bound by complex organic matter dangerous chemical reaction

48. Plaintiff repeats a fraudulent, intentional, wanton, negligent, reckless and careless defendant whose drug by-end product had 500 times greater dangerous levels of cancer-causing agent in humans

49. Plaintiff repeats a fraudulent, intentional, wanton defendant who concealed information from consumer not properly warning or disclosing of its drug inherent dangers

50. Plaintiff repeats a fraudulent, intentional, wanton, negligent, reckless and careless defendant causing her cancer phobic in mental anguish suffering

51. Plaintiff repeats the same a defendant causing her a cancer phobia not knowing her fate 10 years to come having ingested drug for six years and without medical coverage

52. That Plaintiff relied on defendant to treat her painful journey of a difficult gastrointestinal disorder endured for decades, to wind up with personal injury ingesting a very dangerous cancer-causing drug with 500 times higher cancer-causing agent

53. That Plaintiff relied on a wanton, deceitful, dishonest defendant who instead exposed her into secondary complications personal injury that out-weighed the benefit of drug

54. Plaintiff states death is for real and suffers mental anguish and posttraumatic stress disorder in aggravation from hearing others died from cancers caused by ranitidine

55. That Plaintiff does not even know how to articulate well how scared she is as to death caused by these cancers on others and if hers will manifest in 10 years into cancer

56. That Plaintiff worry hers will manifest into cancers in ten years to come and will die from one or more of these cancers

57. That Plaintiff repeats suffers severely in mental anguish and extreme anxiety neurosis what her future will be after ingesting this drug for six steady years and without medical insurance in place

58. Wherefore plaintiff seek in excess of $75,000 in compensatory and/or general, exemplary and future damages for pain, suffering, physical, mental anguish, medical bills including for negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED) caused by defendant and as this court deems fit as to the circumstance

      Respectfully submitted

      s/ Quinn Ngiendo
      Quinn Ngiendo
      4301 W 24th Place
      Unit 1014A
      **Lawrence, KS 66047**
      Telephone: 785-979-3829